## FITZPATRICK *a.* FLAGG.

*New York Common Pleas; Special Term, July,* 1857.

STATUTORY CONSTRUCTION.—ADVANCES FROM CITY TREASURY.— INJUNCTION AGAINST MUNICIPAL OFFICERS.

A tax can be said to be " collected" only when it has been paid by those on whose property it has been levied.

The Metropolitan Police Act (2 *Laws of* 1857, 200, *ch.* 569) confers no authority for raising by loan moneys for meeting payments due to the members of the force, before the tax authorized by section 26 has been collected.

An injunction should not be granted to restrain the officers having charge of a municipal treasury from making payments out of moneys raised by them in anticipation of the collection of a tax authorized to be levied for the purpose of meeting such payments.

In what cases and upon what grounds the order of injunction should be allowed.

*It seems* that the corporation of a city should be made a party to an action, the object of which is to control the agents of the corporation in the disposal of moneys solely under the control of the corporation.

Motion for an injunction.

The plaintiff in this action, a tax-payer, &c., in the city of New York, sought to restrain by injunction the corporate officers of the city from advancing funds from the city treasury for the payment of the metropolitan police force.

The grounds of his action are stated in the opinion, as well as in the complaint, which, as the action was of peculiar character, we give in full below.*

---

* TITLE OF THE CAUSE.

John Fitzpatrick, plaintiff in this action, complaining in his own behalf as well as on the behalf of all others similarly interested, who may come in and

*E. Jennings, Jr.,* and *P. Y. Cutler,* for the motion.

*David Dudley Field* and *William Curtis Noyes,* opposed.

INGRAHAM, F. J.—The motion made in this case is for an injunction against the defendants, restraining them from signing

contribute towards the expense of this action, complains of Azariah C. Flagg, comptroller of the city and county of New York ; Fernando Wood, mayor of the city of New York ; David T. Valentine, clerk of the common council of the city of New York ; Andrew V. Stout, chamberlain of the city and county of New York ; and Simeon Draper, James W. Nye, James Bowen, Jacob Cholwell, and James S. T. Stranahan, Commissioners of Police of the Metropolitan Police District of the State of New York, defendants, and respectfully states to this court :

That this plaintiff is a tax-payer and corporator of the city of New York, residing therein·;

That said defendant Azariah C. Flagg is the comptroller of the city and county of New York, and as such is the proper officer to draw all warrants upon the city chamberlain,—that the said defendant Fernando Wood is the mayor of the city of New York, and David T. Valentine is the clerk of the common council of the city of New York, and as such it is their official duty to countersign, and they countersign all warrants drawn by the comptroller of the city and county of New York upon the city chamberlain of the said city and county ;

That it is provided by section 27 of an act of the Legislature of the State of New York, entitled " An act to establish a Metropolitan Police District, and to provide for the government thereof," passed April 15, 1857, that the sum of money styled the Police Fund, collected by the city of New York for the purposes of police therein during the years 1856 and 1857, not expended in the treasury of the said city, shall immediately upon the organization of the Board of Police, and after due notice to that effect served upon the comptroller of the city and county of New York, be paid into the State treasury, as part of the Police Fund.   That the Board of Police of the said "The Metropolitan Police District" have not on or before any day of June, 1857, apportioned any sum or sums of money as requisite and needful to be raised by said city and county for any one or more years, as the plaintiff has been informed· and believes ; nor have the Board of Supervisors of the said city and county raised or collected by tax any sum or sums of money within said city for the Board of Police, within the said Metropolitan Police District, for any one or more years, nor is there any sum or sums of money now collected by the said city of New York, and unexpended in the treasury of the said city for the purposes of police therein, during the years 1856 and 1857, to be paid into the State treasury as part of the Police Fund referred to in said act ;

That the said defendant Azariah C. Flagg, as comptroller of the city and county of New York, purposes, contemplates, and intends, notwithstanding that there are no funds in the treasury of the city of New York to the credit of the Police Fund, to draw his warrant on the city treasury for the sum of $100,000, to be paid to the comptroller of the State of New York, or some other officer of the State, for the use of the Commissioners of Police of the Metropolitan Police District of the State of New York, and to have the same countersigned by Fernando Wood, as mayor of the city of New York, and David T. Valentine, clerk of the common council of the said city, and paid by the said Andrew V. Stout, chamberlain of

Fitzpatrick *a.* Flagg.

and paying a check for $100,000 to the State treasury, for the use of the police commissioners in paying the metropolitan police of the city of New York.

the said city, and unless restrained by the order of this honorable court, as this plaintiff has been informed and believes, and on such information and belief states that the said comptroller of the city and county of New York will draw such warrant, and that the same will be countersigned by the mayor of the city of New York and the clerk of the common council of the said city, and accepted and paid by the said city chamberlain ; and this plaintiff, and all other persons similarly interested, will, by the consummation of such acts, be injured irreparably, the said statute, in its terms and in its spirit, be violated, and the credit of the city be impaired ;

That the said comptroller, mayor, and city chamberlain, are, as the plaintiff is informed and believes, urged to take the unauthorized measure above indicated by the Commissioners of Police of the Metropolitan Police District of the State of New York, who have already, as the plaintiff has been informed and believes, induced the said comptroller to draw his warrant on the said city chamberlain, and to sign the same, requiring the said city chamberlain to pay the sum of $100,000 to his own order, to be placed to the credit of the treasurer of the Metropolitan Police, and such warrant has been presented to the mayor to be countersigned, but has been returned by him unsigned, on the ground that it is not authorized by law in the form as now drawn, and to be altered or changed in form ; .

That the corporation of the city of New York for a long time past have been and now are raising money upon revenue bonds, and paying for the use thereof interest at the rate of 7 per cent. per annum ; that if said defendant, Azariah C. Flagg, comptroller of the city and county of New York, shall so draw his warrant for the said sum of $100,000, and have the same countersigned by Fernando Wood, mayor of the city of New York, and David T. Valentine, as clerk of the common council of the said city, the same would be paid by the chamberlain of the city of New York as county treasurer of the county of New York, from moneys borrowed by the said city for its use, or from money which the corporation of the city of New York will be compelled to, or will borrow at an interest of 7 per cent. per annum upon revenue bonds, thereby subjecting the corporation of the city and county of New York, and the tax-payers and corporators thereof, to the loss of the interest of $100,000, from the time that the said warrant so drawn, as aforesaid, shall be paid by the city chamberlain, until the same shall be hereafter collected and paid into the city treasury :

Wherefore the plaintiff prays final judgment, and that the said defendants may be restrained by an injunction order of this court from drawing, countersigning, or paying any warrant upon account of or against the Police Fund of the city or county of New York, to be paid to the comptroller of the State of New York or other State officer, or to be paid to the credit of the treasurer of the Metropolitan Police, until the same or some part thereof shall have been collected, and from drawing, countersigning, or paying any warrant for such purpose for any greater sum or amount than shall, or may from time to time, be collected and paid into the treasury of the city or county of New York on account of the Police Fund of the said city or county of New York.

E. JENNINGS, JR., *Plaintiff's Attorney.*

VERIFICATION.

The plaintiff, as a tax-payer, for himself and others, asks for this relief, upon the ground that such payment cannot be made until after the amount to be raised by tax for 1857 for police purposes, shall have been collected and paid into the city treasury.

That no part of the tax for the present year has yet been collected from the tax-payers is conceded; but it appears, by the answer of the comptroller, that he has raised by loan on temporary bonds a sum of money, of which there remains in the treasury $160,000, applicable specially to this purpose; and that such funds, unless used for the pay of the police, must remain in the treasury and be unproductive, while the city is paying interest therefor.

Section 27 of the police act (*Laws of* 1857, 200, *ch.* 569) provides for the payment of the moneys to be raised for that purpose, to be paid when collected into the city treasury, and immediately thereafter into the treasury of the State, and to be paid therefrom to the treasurer of the Board of Police.

The meaning of the term " collected" is to be gathered from section 26, where it is provided that the Board of Supervisors shall raise and collect by tax such sums of money as the Board of Police shall apportion.

There can be but one meaning applied to the term " collected," and that is when the tax has been paid by those on whose property the tax has been levied. When so collected it is to be paid over to the State treasury for these purposes. Until such collection is made, no mandamus would lie against the corporation to compel the payment, and until so paid no money could be drawn from the State treasury for the pay of policemen. Section 23 of the act provides for the payment of the men in monthly payments, and the first meeting of the Board of Police was the period at which their power and authority over the police of the city was to commence.

A strict construction of the statute must lead to the result, that although the payment was thus to be made monthly, still no authority was conferred by this act to raise the money by loan for meeting these payments before the tax was collected.

The question then arises, whether this court, in the exercise of the discretion vested in it, should restrain the officers of the city having charge of the public treasury from making such pay-

ments out of moneys raised by them in anticipation of such tax. The injury to the plaintiff and other tax-payers is not of that serious character which calls for the exercise of this power. It is not denied but that the payment will be legal when the tax therefor shall have been collected. This will probably be in October next, and the injury and loss to be sustained is the interest on this sum to be advanced up to that period. But even that loss cannot be sustained, as appears by Comptroller Flagg's answer, because the liability for such interest has already been incurred, and the money will be idle in the treasury if not used for this purpose. The charter authorizes the borrowing of money for public purposes in anticipation of the tax, and a liberal construction of that provision, with those already referred to, would warrant an advance of money under such circumstances to meet the necessary payments of the department, prior to the collection of the tax under section 26.

There are other views of this question which have been pressed upon the court, and some of which are deserving of consideration.

The police act has been sustained by the courts, and is now conceded to be the law of the land, and all laws inconsistent with it are repealed. The former police of the city has been disbanded, and is no longer in authority, and a neglect or refusal to pay the metropolitan police might very much weaken its force, and create greater evils to the tax-payers than that now complained of. Such neglect or refusal to pay would also entitle them to interest on their pay after it became due, and would thereby increase instead of diminish the expense.

It appears from the complaint that his honor, the mayor, and the comptroller,—who are the guardians of the public funds, and without whose signatures the payment could not be made,—are willing to make the payment from the treasury, and I am bound to conclude that these officers would not consent to such a course, unless they were satisfied that such an advance could be made without injury to the public interests. From what has already been stated, it is apparent that under any circumstances the injury which the plaintiff seeks to prevent would be small in amount, and not of that serious character which should call for the interposition of this court by injunction. When in addition to these considerations it is remembered that the payment now

sought to be enjoined is intended for the payment of the police of the city, under a law which the courts have held to be valid and constitutional—that without that police the city would be unprotected—that the men employed thereon are, many of them, if not all, dependent on their pay for the support of themselves and their families, I cannot but conclude that the evils which would follow from granting the injunction would be much greater than those which are sought to be prevented by invoking the aid of this court; and although there are technical grounds upon which the plaintiff's motion might be granted, yet I am not satisfied that, to the tax-payers themselves, the evils which would follow from allowing the injunction would not be far greater than could be sustained by the contemplated payment, even if it involved the loss of all the interest thereon.

The court has always to exercise a discretion in granting or refusing the remedy of injunction, and in my judgment that discretion should be so exercised that a writ which, under proper circumstances, is a remedial measure of great value, should not be misused, and instead of being allowed for the protection of the citizen, be turned into an engine of oppression and wrong. It is not for every trifling injury or trivial departure from the provisions of law, that the remedy by injunction should be resorted to; and where the use of this writ will cause a greater public injury than can in any event follow from the acts sought to be restrained, I have no hesitation in saying that it ought not to be allowed.

This remedy by injunction has already been extended much further than in my judgment is desirable under the provisions of the Code, and I do not think the public interests will be promoted by extending it to every technical violation of law without regard to the consequences which would flow from its allowance. The Metropolitan Police law has been sustained by the courts; the necessity of paying those employed in this branch of the public service is evident, not only for the sake of those employed and their families, but also for its efficiency; and although from a defect in the provisions of the statute the means of immediate payment have not been provided, still there is no sufficient reason why the process of injunction should be resorted to for the prevention of a payment, which the public officers in

whom the authority is vested can see may be made in advance of the collection of the tax without injury to the public interests.

The result to which I have arrived upon the examination of the merits of this motion renders it unnecessary for me to express any opinion upon the question of jurisdiction raised by the defendant's counsel; I will, however, add, that in my judgment the corporation of the city should have been made a party when the object is to control their agents in the disposition of money solely under the control of that body.

The motion for a continuance of the injunction must be denied, and the temporary injunction be dissolved.